IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSÉ HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1335-DRH-RJD |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Leave to File Amended Complaint (Doc. 40). Defendants, Dr. John Coe and Wexford Health Sources, Inc., filed an objection. For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), through counsel filed this lawsuit pursuant to 42 U.S.C. §1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act, 29 U.S.C. §794 *et seq*., alleging his rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Although his claims arose during his incarceration, Plaintiff was not a "prisoner" on the date he filed the action, as that term is defined by 28 U.S.C. § 1915A(c), so threshold review pursuant to § 1915A(a)-(b) was unwarranted. Because Plaintiff paid his full filing fee, a frivolity review pursuant to 28 U.S.C. § 1915(e)(2) was also unnecessary (Doc. 4). Plaintiff is currently proceeding on five claims:

**Count 1:** Defendant IDOC (American with Disabilities Act)

**Count 2:** Defendant IDOC (Rehabilitation Act)

**Count 3:** Defendants Elizabeth Tredway and John Coe (Eighth Amendment – Deliberate Indifference to Serious Medical Need)

**Count 4:** Defendant John Coe (Eighth Amendment – Deliberate Indifference to Serious Medical Need)

**Count 5:** Defendant Wexford (Eighth Amendment Deliberate Indifference – Respondeat Superior)

Plaintiff seeks to add one additional claim against Defendant Wexford:

**Count 6:** Defendant Wexford (Eighth Amendment Deliberate Indifference – Institutional Policy or Custom)

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996).

Plaintiff seeks leave to amend his complaint by adding one additional claim against Defendant Wexford. The motion is timely filed and will not prejudice the defendant.[1]

The Court, being fully advised, hereby **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (Doc. 40). Plaintiff is **ORDERED** to file his proposed amended complaint by **April 30, 2018**.

---

[1] The Court notes the objection filed by Defendants Coe and Wexford based on the pending Motion to Dismiss. Defendants may file a new Motion to Dismiss based on the claims asserted in the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   April 24, 2018**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**