IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSE HERNANDEZ,**

    **Plaintiff,**

v.                                                           No. 17-cv-1335-DRH-RJD

**ILLINOIS DEPARTMENT OF CORRECTIONS,
ANNE ELIZABETH TREDWAY, JOHN COE
AND WEXFORD HEALTH SOURCES, INC.,**

    **Defendants.**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly pursuant to 28 U.S.C. § 636, LOCAL RULE 72.1(b)(2). (Doc. 56). The Report recommends that the Court grant in part and deny in part defendant Wexford Health Sources, Inc.'s motion to dismiss (Doc 52). The Report was sent to the parties with a notice informing them of their right to appeal through the filing of objections on or before June 28, 2018. Plaintiff Hernandez timely filed an objection (Doc. 60). Based on the record and the following, the Court **ADOPTS** the Report (Doc. 56) in its entirety and grants in part defendant's motion to dismiss (Doc. 52).

## II. Background

Plaintiff Jose Hernandez, brought this *pro se* action for deprivations of his constitutional rights while he was incarcerated at Lawrence Correctional Center pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. §794 et seq. Hernandez, a partial quadriplegic, alleges that he was denied assistance, which resulted in a broken arm that was not adequately treated.

On May 7, 2018, Defendant Wexford filed a motion to dismiss Counts Five and Six of plaintiff's second amended complaint (Doc. 52). Wexford argues that Count Five should be dismissed because Hernandez cannot state a respondeat superior claim against Wexford under 42 U.S.C. § 1983. As to Count Six, Wexford argues that it should be dismissed because Hernandez's allegations fail to assert a valid *Monell* claim. Hernandez filed a response opposing the motion (Doc. 55).

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Daly submitted a Report and Recommendation regarding the pending motion to dismiss ("the Report") on June 14, 2018 (Doc. 56). The Report recommends that the Court grant in part and deny in part Wexford's motion to dismiss. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. On June 28, 2018, Hernandez filed an objection to the Report regarding the dismissal of Count Five (Doc. 60).

### III. Law and Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the Report to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Rule 12(b)(6) of THE FEDERAL RULES OF CIVIL PROCEDURE provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.*A., 507 F.3d 614, 618 (7th

Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. See FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). Additionally, "[a]llegations of a pro se complaint are held 'to less stringent standards than formal pleadings draft by lawyers ... Accordingly, pro se complaints are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ) (other citations omitted).

As to Count 5, Judge Daly found that in a § 1983 case, respondeat superior liability does not apply to private corporations. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 131 (7th Cir. 1982); see *also Monell v Dep't of Soc. Servs,* 436 U.S. 658, 694 (1978). Although the Seventh Circuit discussed the possibility of extending vicarious liability under 42 U.S.C. §1983 to private corporations in *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), the Court ultimately ruled otherwise, upholding precedent set by the Supreme Court's decision in *Monell*.

Therefore, after *de novo* review, the Court finds that Magistrate Judge Daly was correct in her application of why Hernandez's respondeat superior claims are legally barred under Seventh Circuit law. *See Shields v. Ill. Dep't of Corr.*, 746

F.3d 782, 789 (7th Cir. 2014). The Court finds that Moore's objection merely takes umbrage with the current legal precedent that prohibits vicarious liability for private corporations under § 1983, and he wishes to preserve the issue for appeal in order to argue for a change in existing law. The record before the Court provides no reason for the Court to doubt Judge Daly's determination. Finally, having also reviewed all portions of the Report to which no objections were made, the Court is satisfied that, on its face, no clear error exists.

## IV. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 56) and **GRANTS in part and DENIES in part** defendant Wexford Health Sources, Inc's motion to dismiss (Doc. 52). The Court **DISMISSES with prejudice** Count V of plaintiff's complaint. The case shall proceed with the claims in Counts 1, 2, 3, 4 and 6 against the defendants.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.13
15:07:21 -05'00'

United States District Judge