IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>　　　Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, ANNE ELIZABETH<br>TREDWAY, JOHN COE, WEXFORD<br>HEALTH SOURCES, INC.,<br>LORIE CUNNINGHAM,<br>DEE DEE BROOKHEART,[1] and<br>NURSE ALLENDER,<br><br>　　　Defendants. | Case No.　3:17-CV-1335-NJR-RJD<br>　　　　　　3:18-CV-1442-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (17-cv-1335, Doc. 70), which recommends granting the motion to dismiss filed by Wexford Health Sources, Inc. ("Wexford") (18-cv-1442, Doc. 16). These two cases were consolidated on March 14, 2019, because there is significant overlap between the defendants and the harm alleged in both cases, although the conduct underlying the claims is different (*see* 18-cv-1442, Doc. 28).

---

[1] According to her Answer, the correct spelling of this defendant's last name is "Brookhart" (*see* Doc. 84 in 18-1442). The Clerk of Court shall modify the docket sheet accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff Jose Hernandez served two years' incarceration at Lawrence Correctional Center ("Lawrence") for a motor vehicle accident that resulted in the death of his passenger and paralyzed him from the chest down (17-cv-1335, Doc. 1). Hernandez has limited control over his arms, but he is confined to gross motor movements and cannot grasp with his hands (*Id.*). Consequentially, Hernandez relied on medical staff at Lawrence to turn him from one side to the other throughout the night, to avoid developing pain and pressure sores (*Id.*). Throughout his incarceration, he was housed in Lawrence's infirmary, and his bed was equipped with a call button (*Id.*). Hernandez alleges the staff at Lawrence frequently ignored his calls or turned the call button off altogether, even after he lodged several complaints with the facility (*Id.*). The prison doctor also denied Hernandez's request for a trapeze device that would have permitted him to safely shift around in bed (*Id.*). Hernandez eventually broke his arm while attempting to turn himself over in bed, after staff ignored requests for assistance from him and his cellmate (*Id.*). He alleges he received inadequate treatment for his arm following the injury (*Id.*).

On December 12, 2017, Hernandez, who is represented by counsel, filed a complaint in this Court under 42 U.S.C. § 1983 ("Section 1983") (17-cv-1335, Doc. 1). His amended complaint alleges the following counts:

---

[2] These allegations are taken from the complaint and accepted as true for purposes of Wexford's motion to dismiss. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) ("We review a Rule 12(b)(6) dismissal de novo, construing the complaint in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts and drawing reasonable inferences in the plaintiff's favor.").

**Count 1:** Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against the Illinois Department of Corrections ("IDOC") for denying Hernandez reasonable accommodations and discriminating against him because of his status as a partial quadriplegic;

**Count 2:** Violation of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*, against IDOC for denying Hernandez reasonable accommodations and discriminating against him because of his status as a partial quadriplegic;

**Count 3:** Violation of the Eighth Amendment against Elizabeth Tredway and John Coe for being deliberately indifferent to Hernandez's serious medical needs by denying him a trapeze device and ignoring his calls for assistance;

**Count 4:** Violation of the Eighth Amendment against John Coe for being deliberately indifferent to Hernandez's serious medical needs by providing inadequate treatment for his broken arm;

**Count 5:** Violation of the Eighth Amendment against Wexford under *respondeat superior* for its staff being deliberately indifferent to Hernandez's serious medical needs; and

**Count 6:** Violation of the Eighth Amendment against Wexford for deliberate indifference to Hernandez's serious medical needs based on a policy or custom.

(17-cv-1335, Doc. 49).

On May 7, 2018, Wexford filed a motion to dismiss, arguing, in part, that Count 5 should be dismissed because Hernandez cannot state a *respondeat superior* claim against a private corporation under Section 1983 (17-cv-1335, Doc. 52). Hernandez opposed the motion, relying on dicta from the Seventh Circuit's decision in *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014) (17-cv-1335, Doc. 55). In *Shields*, the Seventh Circuit discussed the possibility of extending vicarious liability to private corporations in Section 1983 cases, but ultimately ruled otherwise. *Shields*, 746 F.3d at 790-91.

Judge Daly issued a Report and Recommendation, which recommended dismissing Count 5 (17-cv-1335, Doc. 56). Judge Daly declined to ignore Seventh Circuit precedent that refuses to extend vicarious liability to private corporations under Section 1983 (*Id.* citing *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 131 (7th Cir. 1983)). District Judge David R. Herndon adopted the Report and Recommendation and dismissed Count 5 with prejudice for failure to state a claim (17-cv-1335, Doc. 62).[3]

In the meantime, on July 25, 2018, Hernandez filed another complaint in this Court, alleging staff at Lawrence denied his request for a replacement mattress that was specially designed to reduce his risk of developing bed sores; his mattress had deflated over the course of his incarceration (18-cv-1442, Doc. 1). Although Hernandez eventually received another mattress, the replacement was also inadequate (*Id.*). Hernandez suffered from medical complications because of the defective mattresses, including bloody pressure sores and bacterial infections (*Id.*). Hernandez is currently proceeding on the following counts related to that complaint:

**Count 1:** Violation of the ADA against IDOC for denying Hernandez reasonable accommodations and discriminating against him because of his status as a partial quadriplegic;

**Count 2:** Violation of the Rehabilitation Act against IDOC for denying Hernandez reasonable accommodations and discriminating against him because of his status as a partial quadriplegic;

**Count 3:** Violation of the Eighth Amendment against John Coe, Lorie Cunningham, Nurse Allender, and Dee Brookhart for being deliberately indifferent to Hernandez's serious medical needs by denying him a proper mattress; and

---

[3] This case was transferred to the docket of the undersigned District Judge on December 19, 2018 (17-cv-1335, Doc. 63) in light of Judge Herndon's retirement.

> **Count 4:** Violation of the Eighth Amendment against Wexford under *respondeat superior* for its staff being deliberately indifferent to Hernandez's serious medical needs.

(*Id.*).

On October 1, 2018, Wexford filed a motion to dismiss Count 4 (18-cv-1442, Doc. 16). Again, Wexford argues *respondeat superior* claims are not cognizable under Section 1983, and Hernandez opposes the motion based on *Shields* (18-cv-1442, Docs. 16 & 18). As mentioned above, on March 14, 2019, the Court consolidated Hernandez's cases before ruling on the motion to dismiss (18-cv-1442, Doc. 28).

On April 4, 2019, Judge Daly issued the Report and Recommendation currently before the Court; she recommends granting the motion to dismiss (17-cv-1335, Doc. 70). Hernandez filed a timely objection, citing *Shields* and the recently decided *Gaston v. Ghosh*, 920 F.3d 493 (7th Cir. 2019). In *Gaston*, the Seventh Circuit cast doubt on its decision in *Iskander*, where it held that private corporations cannot be held liable under Section 1983 based on vicarious liability (17-cv-1335, Doc. 74). In the end, the Seventh Circuit did not reach the *Iskander* issue, because the plaintiff could not meet his burden of proving deliberate indifference against Wexford's employee. *Gaston*, 920 F.3d at 497. The Court explained, "[E]ven if we were to overrule *Iskander*, Gaston would need to show that *someone* whose acts are imputed to Wexford violated the Eighth Amendment . . . ." *Id.* Hernandez argues that, in this case, he can establish deliberate indifference against Wexford employees. Thus, he urges this Court to consider a change in existing law by permitting him to proceed on a *respondeat superior* claim.

Where timely objections are filed, this Court must undertake a *de novo* review of

the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## LEGAL STANDARDS

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Claims filed within the federal courts are governed by the Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Id*. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang v. TCF Nat. Bank*, 249 F. App'x 464, 466 (7th Cir. 2007) (citing

*Bell Atlantic*, 550 U.S. 544, 555 (2007)). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## DISCUSSION

The Seventh Circuit's decision in *Iskander* squarely precludes Hernandez from bringing a *respondeat superior* claim against Wexford under Section 1983. *Iskander* relies on *Monell v. New York City of Dep't of Social Servs.*, 436 U.S. 658 (1978), where the United States Supreme Court held that municipalities may be liable for their own decisions and policies, but they are not liable for the acts of employees under a theory of *respondeat superior*. Every circuit that has addressed the issue has extended the *Monell* standard from local governments to private corporations. *Shields*, 746 F.3d at 790, and cases cited therein.

But Hernandez argues *Iskander* was wrongly decided because Congress never intended to exempt private corporations from *respondeat superior* liability under Section 1983. The Seventh Circuit has faced similar arguments on several occasions and continues to cast doubt on its reasoning in *Iskander*. *See Gaston*, 920 F.3d at 495, and cases cited therein. But the Seventh Circuit has left the question unresolved, and this Court is obligated to follow the decisions of higher courts. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

Thus, given the state of the controlling law, the Court fully agrees with the findings, analysis, and conclusions of Judge Daly and **ADOPTS** the Report and Recommendation in its entirety. The Motion to Dismiss filed by Wexford (18-cv-1442,

Doc. 16) is **GRANTED.** Hernandez proceeds on the following counts, which are re-numbered for clarity:

**Count 1:** ADA claims against IDOC;

**Count 2:** Rehabilitation Act claims against IDOC;

**Count 3:** Eighth Amendment deliberate indifference claims against Treadway, Coe, Cunningham, Allender, and Brookhart; and

**Count 4:** Eighth Amendment deliberate indifference claims against Wexford based on its polices or customs.

The Clerk of Court is **DIRECTED** to modify the docket sheet in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED: July 12, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**