# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, #M01795 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-1335-NJR-RJD |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, responds to Plaintiff's Requests for Production of Documents pursuant to Federal Rule of Civil Procedure 34, stating as follows:

1.      All Documents and Communications that relate to, support, and/or rebut any of Plaintiff's allegations or claims in this Action.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  See *Dorsey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at \*1 (N.D. Ill. Nov. 1, 1989) (denying motion to compel entire inmate master file as unduly burdensome, overbroad, and a threat to institutional safety).  Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277,  the documents produced with this response, Bates Numbers 001291-001411, 001412-001431, as well as documents produced by the codefendants in this case.**

2.      All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which You may rely at trial.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  See *Dorsey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at \*1 (N.D. Ill. Nov. 1, 1989) (denying motion to compel entire inmate master file as unduly burdensome, overbroad, and a threat to institutional safety).  Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277,  the documents produced with this response, Bates Numbers 001291-001411, 001412-001431, as well as documents produced by the codefendants in this case.**

3.      Each Document utilized by You in any way in responding to Plaintiff José Hernandez's First Set of Interrogatories to Defendant Illinois Department of Corrections Please note Your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  See *Dorsey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at \*1 (N.D. Ill. Nov. 1, 1989) (denying motion to compel entire inmate master file as unduly burdensome, overbroad, and a threat to institutional safety).  Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277 and the**

documents produced with this request, Bates Numbers 001291-001411, 001412-001431.

4.    All administrative directives, institutional directives, policy manuals, procedural guides, handbooks, protocols, or other rules and procedures, formal or informal, issued by You, Wexford, or officials at Lawrence CC relating to its document retention policy.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. See *Dorsey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at \*1 (N.D. Ill. Nov. 1, 1989) (denying motion to compel entire inmate master file as unduly burdensome, overbroad, and a threat to institutional safety). Subject to and without waiving said objection, Defendant refers Plaintiff to the administrative directive regarding records, Bates Numbers 001305-001310, 001319-001321.**

5.    All Documents obtained from Defendants and third parties in this litigation (via subpoena or otherwise) including but not limited to employment records, medical records, prison/jail/criminal records, and any other records.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. See *Dorsey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at \*1 (N.D. Ill. Nov. 1, 1989) (denying motion to compel entire inmate master file as unduly burdensome, overbroad, and a threat to institutional safety). Additionally, employment files of State employees are presumptively confidential. Ill. Admin. Code, tit. 80 § 304.40. *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, 2013 WL 84702, at \* 6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount."). Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced documents in this case, Bates**

**Numbers 000001-001277, the documents produced with this request, Bates Numbers 001291-001411, 001412-001431, as well as the documents produced by the codefendants in this case.**

6.      Any witness statements relating to any of the allegations in Plaintiff's Amended Complaint or Second Complaint.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277, the documents produced with this response, Bates Numbers 001291-001411, 001412-001431, as well as documents produced by the codefendants in this case.**

7.      All Documents containing, constituting, and/or memorializing Communications of any kind between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations in Plaintiff's Amended Complaint or Second Complaint or Defendants' Answer or Affirmative Defenses in this Action, including but not limited to any witness disclosed by any of the parties under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff and/or the allegations in Plaintiff's Amended Complaint or Second Complaint.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Plaintiff is requesting "all documents…" which is overly broad. Subject to and without waiving said**

objection, Counsel for Defendants has requested a search of the named Defendants emails for information regarding Plaintiff.

8.   All Documents and Communications relating to Plaintiff during the time that he was incarcerated at Lawrence CC, including but not limited to Plaintiff's full and complete Master File or prisoner/inmate file, any all medical records not previously produced, including X-ray images and MRI results, all grievances submitted by Plaintiff and responses thereto, all incident reports, all requests by Plaintiff for medical care, and all evaluations pertaining to whether to provide medical care to Plaintiff.

**RESPONSE:** Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad by requesting Plaintiff's "full and complete master file." See *Dorsey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at *1 (N.D. Ill. Nov. 1, 1989) (denying motion to compel entire inmate master file as unduly burdensome, overbroad, and a threat to institutional safety). Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced medical records in this case, Bates Numbers 000021-001178 as well as documents produced by the Codefendants.

9.   All Documents and Communications created on or after April 22, 2012 that relate to Plaintiff's medical care during the time that he was incarcerated at Stateville CC, including any all medical records not previously produced, including X-ray images and MRI results, all requests by Plaintiff for medical care, and all evaluations pertaining to whether to provide medical care to Plaintiff.

**RESPONSE:** Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Plaintiff is

requesting medical records since 2012.  Subject to and without waiving said objection, **Defendant refers Plaintiff to the previously produced medical records in this case, Bates Numbers 000021-001178 as well as documents produced by the Codefendants.**

10.   All Documents and Communications relevant to the allegations in Plaintiff's Amended Complaint or Second Complaint.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Subject to and without waiving said objection, Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277,  the documents produced with this response, Bates Numbers 001291-001411, 001412-001431, as well as documents produced by the codefendants in this case.  Additionally, Counsel for Defendants has requested a search of the named Defendants' emails regarding Plaintiff.**

11. All photographs, video surveillance, and auditory recordings that capture activities in Plaintiff's cell at Lawrence CC.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Subject to and without waiving said objection, Defendant has been unable to locate any materials responsive to Plaintiff's request.**

12.   All administrative directives, institutional directives, policy manuals, procedural guides, handbooks, protocols, or other rules and procedures, formal or informal, issued by You, Wexford, or officials at Lawrence CC , or You relating to

   a.   housing of quadriplegic or paralyzed inmates,

   b.   medical and nursing care for quadriplegic or paralyzed inmates,

    c.   special accommodations provided to quadriplegic or paralyzed inmates,

    d.   bedding provided to quadriplegic or paralyzed inmates,

    e.   devices provided to quadriplegic or paralyzed inmates, including but not limited to devices used to turn oneself over,

    f.   lifting, transferring, or otherwise physically moving quadriplegic or paralyzed inmates, and

    g.   preventing and treating pressure sores.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Defendant refers Plaintiff to the administrative directive regarding ADA accommodations, previously produced as Bates Numbers 001285-001290.**

13.    All administrative directives, institutional directives, policy manuals, procedural guides, handbooks, protocols, or other rules and procedures, formal or informal, issued by issued by You, Wexford, or officials at Lawrence CC relating to

    a.   housing of inmates in the infirmary wing,

    b.   medical and nursing care for inmates in the infirmary wing,

    c.   special accommodations provided to inmates in the infirmary wing,

    d.   bedding provided to patients in the infirmary wing, and

    e.   responding to inmate requests for help in the infirmary wing, including but not limited to any call-button or other alert systems.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and without waiving said objection, Defendant refers Plaintiff to the administrative directives and**

institutional directives regarding infirmary care, Bates Numbers 001291-001293, 001301-001304, 001412-001427.

14.    All administrative directives, institutional directives, policy manuals, procedural guides, handbooks, or other rules, formal or informal, issued by You, Wexford, or officials at Lawrence CC relating to inmate requests for medical care, including but not limited to

    a.    procedures for inmates to request medical care,

    b.    procedures for reviewing inmate requests for medical care,

    c.    procedures for deciding whether to grant or deny a request for medical care,

    d.    procedures for inmates to appeal the denial of a request for special accommodations,

    e.    procedures for documenting encounters with, medical evaluations of, medical treatment to, and requests for medical treatment by prisoners, and

    f.    healthcare staffing levels at Lawrence CC

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and without waiving said objection, Defendant refers Plaintiff to the administrative directives regarding medical services Bates Numbers 001432-1472, which have been redacted due to safety and security concerns, and the offender orientation manual, Bates Numbers 001312-001401.**

15.    All administrative directives, institutional directives, policy manuals, procedural guides, handbooks, or other rules, formal or informal, issued by You, Wexford, or officials at Lawrence CC relating to disabled inmates' requests for special accommodations, including but not limited to

a.   intake procedures at Lawrence CC for determining whether an inmate has a disability or requires special accommodations,

b.   procedures for inmates to request special accommodations,

c.   procedures for reviewing inmate requests for special accommodations,

d.   procedures for granting or denying requests for special accommodations, and

e.   procedures for inmates to appeal the denial of a request for special accommodations.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Subject to and without waiving said objection, Defendant refers Plaintiff to the administrative directive regarding ADA accommodations, previously produced as Bates Numbers 001285-001290.**

16.     All administrative directives, institutional directives, policy manuals, procedural guides, handbooks, or other rules, formal or informal, issued by You, Wexford, or officials at Lawrence CC relating to the examination, diagnosis, and treatment of broken bones, including broken arms.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Subject to and without waiving said objection, Defendant refers Plaintiff to the administrative directives regarding medical services Bates Numbers 001432-001443.**

17.     All Documents identifying any Person who was responsible for or had final policymaking authority with respect to drafting, making, or approving any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production Nos. 12-16, above.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant,**

and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Defendant refers Plaintiff to the administrative directive regarding administrative directs, Bates Numbers 001311-001318.

18.    All Documents relating to any effort of the Persons identified in response to Plaintiff's Request for Production No. 17 to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy, procedure, or practice on any of the subjects identified in Plaintiff's Request for Production Nos. 12-16, above.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Defendant refers Plaintiff to the administrative directive regarding administrative directs, Bates Numbers 001311-001318.**

19.    All Documents or records related to any formal or informal requests for bedding-related accommodations made by Plaintiff or any other inmate housed in the infirmary wing at Lawrence CC during the Relevant Period , including but not limited to requests for a special mattress (including alternating air mattresses) and requests for a device for turning over in bed, including the nature of the request, the Identity of the Person to whom the request was made, whether the request was granted or denied, whether any accommodation was provided and, if so, what kind of accommodation.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Additionally, this information may include private health information of other inmates.  Subject to and notwithstanding said objection, Defendant refers Plaintiff to his medical records,**

produced as Bates Numbers 000021-001178.

20.     All Documents or records related to the IDOC's purchase of special mattresses (including alternating air mattresses) for disabled inmates, including but not limited to any supply agreements, purchase orders, or receipts for special mattresses, and other Documents sufficient to show the suppliers from which the IDOC purchased special mattresses, the make and model of mattresses purchased, the quantity of mattresses purchased, and the price of the mattresses, including any discounts or rebates.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.**

21.     All Documents or records related to the IDOC's purchase of mattresses for inmates, including but not limited to any supply agreements, purchase orders, or receipts for mattresses, and other Documents sufficient to show the suppliers from which the IDOC purchases mattresses, the make and model of mattresses purchased, the quantity of mattresses purchased, and the price of the mattresses, including any discounts or rebates.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Additionally, this would potentially include the protected health information of other inmates.**

22.     All Documents or records related to the IDOC's purchase of devices for helping disabled inmates turn over in bed, including but not limited to any supply agreements, purchase orders, or receipts for such devices, and other Documents sufficient to show the suppliers from which the IDOC purchases the devices, the kinds of devices purchased, the make and model of the devices purchased, the quantity of devices purchased, and the price of the devices, including any discounts or rebates.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Additionally, this would potentially include the protected health information of other inmates.**

23.    All Documents in Your possession or otherwise relied upon by You or any other Defendant showing the ability of an alternating air mattress to assist with preventing pressure sores and/or its effectiveness in doing so.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.**

24.    Documents and records sufficient to show the Identity of all IDOC and Wexford employees who worked in the infirmary wing of Lawrence CC from June 5, 2015, through June 8, 2015, including the shifts each Person worked, the supervisors in charge of each shift, and the position of each Person who worked in the infirmary wing during that time period.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and without waiving said objection, this information has been requested from Lawrence Correctional Center.**

25.    Documents and records sufficient to show the Identity of all IDOC and Wexford employees responsible for making decisions about providing accommodations to inmates in the infirmary wing at Lawrence CC between July 1, 2014, and August 1, 2016, including but not limited to accommodations related to bedding, mattresses, and devices for helping inmates turn over in bed.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and**

without waiving said objection, Defendant refers Plaintiff to the medical records produced in this case, Bates Numbers 000021-001178 and the medical records produced by the codefendants.

26.    All Documents or records related to the call-button system in place in the infirmary wing at Lawrence CC, including but not limited to records sufficient to show when the call-button system was installed, how the call-button system worked, all instructions given to staff about how to use the call-button system, all instructions given to inmates about how to use the call-button system, every instance in which the call-button system was reported to be malfunctioning or not working properly, and all records related to routine and non-routine maintenance and repairs of the call-button system.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and without waiving said objection information regarding the call button system has been requested from Lawrence Correctional Center.**

27.    All Documents or records related to every instance in which an IDOC or Wexford employee was cited, disciplined, or considered for discipline in relation to misuse of the call-button system, including the Identity of the employee, the Identity of the supervisor and any other employees involved, the Identity of the inmate involved, the date of the incident, the nature of the incident, all reports or Documents related to the investigation of the incident, what steps were taken, if any, to discipline the employee, and what steps, if any, were taken to prevent the misuse from happening in the future.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Additionally,**

employment files of State employees are presumptively confidential. **Ill. Admin. Code, tit. 80 § 304.40.** *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, 2013 WL 84702, at * 6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount.")

28.     All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at Lawrence CC. This request includes but is not limited to Documents regarding the chain of command at Lawrence CC, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Lawrence CC.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Additionally, employment files of State employees are presumptively confidential. Ill. Admin. Code, tit. 80 § 304.40.** *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, **2013 WL 84702, at * 6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount.")**

29. Documents and records sufficient to show the Identity of every Wexford and IDOC employee who provided medical care to Plaintiff during the entire course of Plaintiff's incarceration at Lawrence CC, from July 1, 2014, through August 1, 2016.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Subject to and notwithstanding said objection, Defendant refers Plaintiff to his medical records, produced as Bates Numbers 000021-001178.**

30.     All Documents sufficient to show the security procedures in effect in the infirmary wing at Lawrence CC during the Relevant Period, including the location and number of IDOC officers assigned to work in the infirmary wing, the location of any audio, visual, or photographic recording devices in the infirmary wing, and all rules and procedures regarding the circumstances under which medical staff may enter the cells in the infirmary wing.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.  Subject to and without waiving said objection, Defendant refers Plaintiff to the administrative directives and institutional directives regarding infirmary care, Bates Numbers 001291-001293, 001301-001304, 001412-001427.  Additionally, Defendant refers Plaintiff to the post description for the security officer in the infirmary, Bates Numbers 001428-001431.**

31.     All employment records for each Wexford and IDOC employee or agent, including but not limited to any Defendant, who provided medical care to Plaintiff during the entire course of Plaintiff's incarceration at Lawrence CC, including but not limited to:

    a.   resumes and CVs,

    b.   qualifications and certifications,

    c.   training history,

    d.   Documents generated in reviews or evaluations of performance,

    e.   complaints, and

    f.   disciplinary records.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26.**

**Plaintiff's request is overbroad, requesting this information for anyone who provided Plaintiff with medical care. Additionally, employment files of State employees are presumptively confidential. Ill. Admin. Code, tit. 80 § 304.40.** *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, **2013 WL 84702, at \* 6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount.")**

32.     With respect to each expert witness who may provide testimony at the trial of this case, provide:

        a.   all Documents and items of any kind produced to said expert,

        b.   all Documents generated or produced by said expert,

        c.   a copy of the entire file of said expert,

        d.   a current résumé or curriculum vitae for said expert, and

        e.   all billing records and work logs for said expert.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Defendant will provide additional information as required if Defendant retains an expert witness. This information is not required for non-retained expert witnesses.**

33.     All Documents relating to any and all criminal convictions of any Person identified by any party in response to interrogatories. Please note Your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses.

        **RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Plaintiff's**

request is overbroad, requesting this information for anyone who provided Plaintiff with medical care. Additionally, employment files of State employees are presumptively confidential. Ill. Admin. Code, tit. 80 § 304.40. *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, 2013 WL 84702, at * 6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount.")

34.     All Documents relating to any lawsuit or Complaint involving allegations of deliberate indifference to a plaintiff's medical needs or violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* to which any Defendant has ever been a party. This request is limited to the last ten years.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Additionally, employment files of State employees are presumptively confidential. Ill. Admin. Code, tit. 80 § 304.40. *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, 2013 WL 84702, at * 6 (C.D. Ill. Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount.")**

35.     Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in this Action.

**RESPONSE: Defendants are state employees and were acting in performance of their duties and are therefore protected by the state employee indemnification act.**

36.     All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

**RESPONSE: Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277, the documents produced with this response, Bates Numbers 001291-001411, 001412-001431, as well as documents produced by the codefendants in this case.**

37.    Any and all demonstrative aids or exhibits which may be used at trial. Please note Your continuing obligation to supplement this request pursuant to Rule 26(e).

**RESPONSE: Defendant refers Plaintiff to the previously produced documents in this case, Bates Numbers 000001-001277, the documents produced with this response, Bates Numbers 001291-001411, 001412-001431, as well as documents produced by the codefendants in this case.**

38.    All Documents in Your possession, custody, or control that would support or rebut

a contention by any of the Defendants that an award of punitive damages would cause a financial

hardship to that Defendant.

**RESPONSE: Defendant objects to this request as overbroad in time and scope, irrelevant,**

**and not proportional to the needs of the case. Fed. R. Civ. P. 26. Additionally, employment**

**files of State employees are presumptively confidential. Ill. Admin. Code, tit. 80 §**

**304.40.** *See also Sokn v. Fieldcrest Comm. Unit School Dist.*, **2013 WL 84702, at \* 6 (C.D. Ill.**

**Jan. 7, 2013) ("A government employee has a cognizable privacy interest in his or her**

**personnel file. . . . Absent a finding of relevance, this privacy interest remains paramount.")**

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendant,

Rachel Schwarzlose, #6283966
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781

Of Counsel.

BY:    Rachel Schwarzlose, #6283966
       Assistant Attorney General

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

JOSE HERNANDEZ, #M01795          )
                                )
                Plaintiff,       )
                                )
vs.                             )          Case No. 17-1335-NJR-RJD
                                )
ILLINOIS DEPARTMENT OF           )
CORRECTONS, et al.,              )
                                )
                Defendants.      )

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, the foregoing document, <u>Defendant IDOC's</u> <u>Response to Plaintiff's Request for Production of Documents</u>, was E-mailed to the following:

Jungmin Lee          jlee@eimerstahl.com
Sarah Catalano       scatalano@eimerstahl.com
Scott Solberg        ssolberg@eimerstahl.com
Eric Mackie          emackie@eimerstahl.com
Dennis Harms         dharms@sandbergphoenix.com
Ashley Walker        awalker@sandbergphoenix.com

Respectfully Submitted,

Rachel Schwarzlose, #6283966
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
E-Mail: rschwarzlose@atg.state.il.us