# EXHIBIT 3



224 South Michigan Avenue
Suite 1100
Chicago, Illinois 60604
Tel 312 660 7600   Fax 312 692 1718

Sarah H. Catalano
(312) 660-7647
scatalano@eimerstahl.com

September 4, 2019

**VIA EMAIL**

Rachel D. Schwarzlose
201 West Pointe Drive, Suite 7
Swansea, IL 62226
rschwarzlose@atg.state.il.us

    Re:    *Hernandez v. Illinois Department of Corrections, et al.*, No. 17-cv-1335 (S.D. Ill.)

Dear Ms. Schwarzlose:

    On behalf of Plaintiff in the above-referenced action, we write regarding the discovery responses and objections served on August 16, 2019, and the corresponding document production received on August 20, 2019, by Defendants Dee Dee Brookhart, Lorie Cunningham, Anne Elizabeth Tredway, and the Illinois Department of Corrections (collectively, the "IDOC Defendants" or "Defendants"), relating to the following discovery requests, which were served on May 31, 2018:

- Plaintiff's First Set of Interrogatories to Defendant Brookhart
- Plaintiff's First Set of Interrogatories to Defendant Cunningham
- Plaintiff's First Set of Interrogatories to Defendant Tredway
- Plaintiff's First Set of Interrogatories to Defendant Illinois Department of Corrections
- Plaintiff's First Set of Requests for Production to Defendant Brookhart
- Plaintiff's First Set of Requests for Production to Defendant Cunningham
- Plaintiff's First Set of Requests for Production to Defendant Tredway
- Plaintiff's First Set of Requests for Production to Defendant Illinois Department of Corrections

    The IDOC Defendants' responses are deficient for a number of reasons, which we have outlined below. Plaintiff requests that the IDOC Defendants amend their responses and supplement their production to cure all deficiencies. This letter is our attempt to meet and confer as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.

**Interrogatories to Defendant IDOC**

Defendant IDOC served objections to Plaintiff's First Set of Interrogatories but still has not provided answers to any of the interrogatories. Defendant IDOC's answers are overdue. Plaintiff requests that Defendant IDOC produce the answers immediately.

**Improper Objections**

<u>Boilerplate Objections Based on Overbreadth, Relevance, and Proportionality.</u> The IDOC Defendants object to nearly every interrogatory and request for production on the ground that the request is "overbroad in time and scope, irrelevant, and not proportional to the needs of the case." (*See* IDOC's Objs. to Interrog. Nos. 4, 6–8, 12, 14–18, 20–22 and RFP Nos. 1–34, 38; Cunningham's Objs. to Interrog. Nos. 2, 4, 5, 7–9 and RFP Nos. 1–8, 11–31, 34; Brookhart's Objs. to Interrog. Nos. 2, 4, 5, 7–9, 11 and RFP Nos. 1–30, 34; Tredway's Objs. to Interrog. Nos. 2, 4, 5, 7–9 and RFP Nos. 1–31, 35).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense" and that "relevant information need not be admissible" but only "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The relevance standard encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party resisting discovery "must show specifically how each request is not relevant or how each question is overly broad . . . ." *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017); *see also Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002) (holding that the objecting party must "specifically detail the reasons why each [request] is irrelevant.").

An "objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." *Ford v. Sessoms*, No. 14-cv-0320, 2016 WL 8729436 (N.D. Ind. Oct. 21, 2016) (quoting *Bd. of Trs. of Univ. of Ill. v. Micron Tech., Inc.*, No. 11-cv-2288, 2016 WL 4132182 (C.D. Ill. Aug. 3, 2016)); *BankDirect Capital Fin., LLC*, 2017 WL 5890923, at *2 (boilerplate objections not permitted). Defendants must state with specificity why the request is overbroad, irrelevant, or disproportionate to the needs of the case. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B)-(C); *Scott v. Wood*, No. 3:12-cv-1242, 2014 WL 1220578, at *2 (S.D. Ill. Mar. 25, 2014) ("Plaintiff's responses to interrogatories . . . are insufficient. Offering blanket objections does not comply with the specificity requirements of Rule 33(b)."). Moreover, Defendants must explain whether they are withholding information or documents on the basis of those boilerplate objections. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("Objections are valid only if they specifically apprise the opposing party, and the Court, about the nature of the otherwise responsive documents that the responding party will not produce.").

Defendants have failed to provide such information. In most of the responses, Defendants do not even attempt to explain why the request is overbroad, irrelevant, or disproportionate to the needs of the case. In some responses, Defendants purportedly explain the



September 4, 2019
Page 3

objection by simply restating the text of the request, leaving Plaintiff guessing which part of the request Defendants found to be overbroad, irrelevant, or disproportionate to the needs of the case.

In many other responses, Defendants cite an irrelevant case about a request for a prisoner's master file, *Doresey v. Singletary*, No. 88-C-2805, 1989 WL 135198, at *1 (N.D. Ill. Nov. 1, 1989). (*See* IDOC Objs. to Interrog. No. 4, 6 and RFP Nos. 1–5; Cunningham Objs. to Interrog. No. 2 and RFP Nos. 1–7; Brookhart's Objs. to Interrog. No. 2 and RFP Nos. 1–7; Tredway's Objs. to Interrog. No. 2 and RFP Nos. 1–7.) In these requests, Plaintiff is not requesting documents related to his master file, and his requests are appropriately particularized.

Even where Plaintiff does request documents from his master file related to his incarceration, his request is limited to his stay at Lawrence CC during the Relevant Period (January 1, 2014, though the present). (*See* RFP No. 8 to IDOC; RFP No. 10 to Cunningham, Brookhart, and Tredway.) Plaintiff alleges a pattern of conduct that spanned most of the two-year period that he was incarcerated at Lawrence, and his medical records, grievances, incident reports, and evaluations from that time period are relevant or likely to lead to relevant information. Plaintiff's counsel is willing to meet and confer with Defendants' to counsel to discuss which portions of the master file, if any, go beyond the scope of discovery in this case.

In other responses, Defendants object on the basis that the request seeks "any communications" or "all documents," related to a given, enumerated topic. The fact that Plaintiff seeks all communications or documents related to certain topics does not make the request overbroad. *See e.g.*, *Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. CIV.05-520-GPM, 2007 WL 809635, at *2 (S.D. Ill. Mar. 15, 2007); *Estate of Belbachir ex rel Belbachir v. United States*, No. 08 C 50193, 2010 WL 3239444, at *4 (N.D. Ill. Aug. 13, 2010).

Even after stating with particularity the portion of the request that Defendants believe is overbroad, Defendants still must answer the portion of the requests that they do not contend are overbroad. *Olive v. Cowan*, No. 3:02-CV-945 WDS, 2009 WL 400927, at *2 (S.D. Ill. Feb. 18, 2009) ("The party must answer each interrogatory, to the extent it is not objected to."). Defendants cannot seriously maintain that Plaintiff's requests are so overbroad that no portion of them seeks relevant documents.

Nor do Defendants explain why any of Plaintiff's requests are irrelevant or not likely to lead to relevant information. For example, Defendant Cunningham objects to Plaintiff's Interrogatory No. 4 regarding communications between Defendant Cunningham and Plaintiff, including communications regarding his mattress. Defendant Cunningham objects to this request

September 4, 2019
Page 4

as irrelevant. This request goes to the very heart of Plaintiff's claim against Defendant Cunningham. Defendant's boilerplate objection is nonsensical and improper.

Plaintiff requests that Defendants remove their boilerplate objections or supplement their responses to explain with particularity the basis of the objection and the extent to which they are withholding information on the basis of that objection.

Objections on the Ground that Request Covers Private Health Information. The IDOC Defendants object to several requests on the ground that they seek private health information that is protected by law. (*See* IDOC's Objs. to Interrog. Nos. 4, 9 and RFP Nos. 19, 21, 22; Cunningham's Obj. to Interrog. No. 2; Brookhart's Objs. to Interrog. No. 2; and Tredway's Objs. to Interrog. No. 2.) For example, IDOC states that Plaintiff's interrogatory asking IDOC to describe "every complaint made against the IDOC, Wexford, or against any agent or employee of either in the last ten years" related to certain enumerated topics "could be confidential as they may contain references to medical records and conditions" and that "[s]uch records are prohibited by HIPAA." (IDOC's Obj. to Interrog. No. 4.)

But HIPAA does not prohibit the production of all confidential medical information. "HIPAA permits protected health information to be revealed in response to a discovery request if the parties agree to a protective order and have presented it to the Court, or have asked the Court for a protective order." *U.S. ex rel. Camillo v. Ancilla Systems, Inc.*, 233 F.R.D. 520, 522 (S.D. Ill. 2005). "The protective order should prohibit the use or disclosure of the protected health information for any purpose other than the litigation, and require the return or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding." *Id.* (citing 45 C.F.R. § 164.512(e)(1)). "The HIPAA provisions do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical record in litigation." *Id.* Defendants have no basis for withholding documents or information on the basis of HIPAA. Plaintiff invites the IDOC Defendants to propose a draft protective order that satisfies the requirements of 45 C.F.R. § 164.512(e)(1)(v).

Objections Based on Admissibility of Evidence. The IDOC Defendants object to several of Plaintiff's interrogatories on the ground that the information sought is not admissible at trial. (*See* IDOC's Obj. to Interrog. No. 4; Cunningham's Obj. to Interrog. No. 2; Brookhart's Objs. to Interrog. No. 2; and Tredway's Objs. to Interrog. No. 2.) That is not a legitimate basis to withhold production of documents during discovery. "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, they need be only likely to lead to discoverable evidence. *Spano v. Boeing Co.*, No. 3:06-CV-00743DRHDGW, 2008 WL 1774460, at *2 (S.D. Ill. Apr. 16, 2008) ("Federal Rule of Civil Procedure 26 contemplates expansive discovery of any nonprivileged matter that is relevant to any party's claim or defense. Rule 26 further states: Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (citations and internal quotation marks omitted)).

Defendants object to answering interrogatories about every complaint made against them that includes a claim of deliberate indifference or a claim under the Americans with Disabilities Act, including complaints alleging a failure to prevent or treat bedsores; to provide



September 4, 2019
Page 5

accommodations to disabled inmates, such as alternating air mattress; and to respond to inmates' requests for replacement accommodations. Plaintiff bears the burden of showing Defendants' mental states when they refused to enforce the call-button system or provide a functioning mattress, and if Defendants engaged in similar behavior in other instances it is more likely that they were consciously disregarding a known risk in engaging in the behavior alleged in the complaint. *See Dubose v. Sullivan*, No. 09-153-JPG, 2009 WL 2601317, at *1 (S.D. Ill. Aug. 24, 2009) (permitting discovery of prior convictions).

Plaintiff requests that Defendants withdraw this improper objection and answer the interrogatories.

Objections to Producing Employment Records. The IDOC Defendants object to producing any information from Defendants' employment files on the basis that "employment files of State employees are presumptively confidential." (*See* IDOC's Objs. to Interrog. Nos. 8, 21 and RFP Nos. 5, 27, 28, 31, 33, 34, 38; Cunningham's Objs. to Interrog. Nos. 8, 9 and RFP Nos. 7, 24; Brookhart's Objs. to Interrog. Nos. 8, 9 and RFP Nos. 7, 24; Tredway's Objs. to Interrog. Nos. 8, 9 and RFP Nos. 7, 24.)

In support of this objection, the IDOC Defendants cite the Illinois Administrative Code at Title 80, Section 304.40. But these are not FOIA requests from a member of the public. There is no reason the records cannot be kept confidential pursuant to a protective order. *See McCroy v. Ill. Dep't of Corr.*, No. 02-CV-3171, 2006 WL 8077033, at *6 (C.D. Ill. May 12, 2006) (granting prisoner-plaintiff's motion to compel production of employment records of IDOC employees). Plaintiff requests that Defendants supplement their interrogatory answers and document productions to answer the above-listed requests.

Moreover, Defendants rely on their objection to producing employment records in response to several requests that have nothing to do with employment records. (*See* IDOC's Obj. to Interrog. No. 21 and RFP Nos. 33, 34, 38; Cunningham's Objs. to Interrog. Nos. 8, 9; Brookhart's Objs. to Interrog. Nos. 8, 9; and Tredway's Objs. to Interrog. Nos. 8, 9.) Plaintiff requests that Defendants remove these improper objections and produce any documents withheld on the basis of the objection.

Objections that Requests Are Argumentative. Defendant IDOC objects to answering Plaintiff's Interrogatory No. 20 regarding any responsive documents that have been lost, discarded, or destroyed on the ground that it is argumentative. This is a standard request. IDOC does not explain what is argumentative about this request. IDOC does not explain whether any documents have in fact been lost, discarded, or destroyed and, if so, the circumstances and reasons for the disposal.

Plaintiff requests that IDOC withdraw this improper objection and answer the interrogatory.

September 4, 2019
Page 6

**Improper Redactions**

The IDOC Defendants have redacted certain information in documents with Bates Nos. 1432–1472 on the basis of purported security concerns. Security concerns are not a valid basis for redacting otherwise responsive material. Generally, the Federal Rules provide no procedural device for unilateral redaction by a party, and it is a procedure that is not favored. *See* Fed. R. Civ. P. 26(c) "(the *court* . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added)). If Defendants are concerned about security issues, they should request a protective order. *See Johnson v. City of Chicago*, No. 05 C 6545, 2006 WL 3147715, at *1 (N.D. Ill. Nov. 1, 2006). Plaintiff requests that Defendant provide unredacted versions of these documents.

**Insufficient Responses**

Interrogatories

Defendants Cunningham, Brookhart, and Tredway's answers to Interrogatory No. 1 are deficient because they do not "describe with particularity" the categories of facts known by each person listed. Instead, Defendants broadly state that each person listed will testify about "the allegations in the complaint" and the "practices and procedures relevant to the Illinois Department of Corrections and Lawrence Correctional Center." Plaintiff's complaints include allegations against seven defendants regarding a number of different constitutional and statutory violations. Which allegations does each person possess knowledge about?

Defendants Cunningham, Brookhart, and Tredway's answers to Interrogatory No. 5 are deficient because the answers refer Plaintiff to all "documents produced in this case by Defendants and Codefendants." It is true that "Rule 33(d) provides that where the answer to an interrogatory may be derived from business records, and the burden of deriving the answer to the interrogatory is substantially the same for both parties, it is a sufficient answer to an interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine and inspect such records." *Wasson v. Peabody Coal Co.*, No. 4:02-CV-90-SEB-WGH, 2007 WL 174087, at *1 (S.D. Ind. Jan. 18, 2007). But "[t]he rule provides that the specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *Id*. Therefore, "referring to business records *en masse*, without specifying particular documents is an abuse of the option." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326 (N.D. Ill. 2005) (citation and internal quotation marks omitted). Plaintiff requests that Defendants supplement their responses by specifying the Bates numbers for the documents from which the answers to the requests can be derived.

Defendants Cunningham, Brookhart, and Tredway's answers to Interrogatory No. 6 are deficient because they fail to identify any particular facts supporting Defendants' affirmative defenses, other than stating the elements of those defenses. Which facts support Defendants' assertion that "Plaintiff cannot establish that Defendant violated clearly established law"? And for the same reasons that Defendants Cunningham, Brookhart, and Tredway's answers to

Interrogatory No. 5 are deficient, Defendants' references to "all of the documents produced in this case" are not sufficient to answer this interrogatory. Plaintiff requests that Defendants answer the interrogatory.

   Defendants Cunningham, Brookhart, and Tredway's answers to Interrogatory No. 7 are deficient because they simply refer Plaintiff to their objections. But the referenced objections make no sense. Plaintiff seeks information about any documents that have been lost, discarded, or destroyed. Defendants offer boilerplate objections about overbreadth and relevance, including an objection to the term "any communications"—a term that is not used anywhere in Interrogatory No. 7. Plaintiff requests that Defendants answer the interrogatory.

   Defendants Cunningham, Brookhart, and Tredway's answers to Interrogatory No. 8 are deficient because they refer to an irrelevant objection to producing employment records. The interrogatory asks Defendants to describe all criminal convictions of any party or witness, not to produce employment records. Such information is relevant and discoverable because Plaintiff needs to know if Defendants intend to introduce information about any criminal convictions of any party or witness during trial. Plaintiff requests that Defendants answer the interrogatory.

   Defendants Cunningham, Brookhart, and Tredway's answers to Interrogatory No. 10 are deficient because they fail to state the factual basis for the conclusion that Plaintiff received adequate care at Lawrence CC. Plaintiff requests that Defendants answer the interrogatory.

   Defendants Cunningham and Tredway's answers to Interrogatory No. 11 and Defendant Brookhart's answer to Interrogatory No. 12 are deficient because they fail to Identify the individuals who supervised them at Lawrence CC. As defined in the Definitions and Instructions, "Identify" means to state the person's full name, the location of the person's last known business address, and the present or last known place of employment. Plaintiff requests that Defendants supplement their responses to Identify each person listed in the response.

Requests for Production

   Defendant IDOC's response to RFP No. 4 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 6 are deficient because the administrative directives identified do not state what the retention period is or how it is calculated. Plaintiff requests that Defendants supplement their production with documents sufficient to show the retention period and certify that they have has produced all documents responsive to these requests.

   Defendant IDOC's response to RFP No. 8 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 10 are deficient because Defendants do not explain whether they are producing Plaintiff's full master file and, if not, which portions of the file they are withholding. Plaintiff requests that Defendants supplement their production to produce the full file or explain the basis for withholding any portion of the file.

   Defendant IDOC's response to RFP No. 9 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 11 are deficient because it is unclear whether they are producing all of Plaintiff's medical records or if they are withholding any records based on their

EimerStahl LLP

September 4, 2019
Page 8

objections. Plaintiff requests that Defendants supplement their production to produce all of Plaintiff's medical records responsive to this request or explain the basis for withholding any portion of the medical records.

Defendant IDOC's response to RFP No. 11 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 13 are deficient because they say that Defendants have been unable to locate any materials responsive to these requests, but they do not state what steps Defendants took to search for such materials. A party responding to a discovery request must articulate what efforts it has undertaken to obtain responsive materials before asserting that it lacks such materials. *See David Mizer Enterprises, Inc. v. Nexstar Broad., Inc.*, No. 14-CV-2192, 2016 WL 4541825, at *8 (C.D. Ill. Aug. 31, 2016); *see also Eley v. Herman*, No. 1:04-CV-00416, 2006 WL 276741, at *4 (N.D. Ind. Feb. 2, 2006) (requiring party to describe efforts to locate documents responsive to discovery request). Plaintiff requests that Defendants supplement these responses to explain what steps they took to search for responsive materials.

Defendant IDOC's responses to RFP Nos. 12–16 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP Nos. 14–18 are deficient because it is unclear whether Defendants are producing all documents responsive to these requests. Moreover, Defendants refers to documents with Bates No. 1285–1290, which have not been produced. Plaintiff requests that Defendants produce documents with Bates No. 1285–1290 and state what steps they took to search for other materials responsive to these requests.

Defendant IDOC's responses to RFP Nos. 17 and 18 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP Nos. 19 and 20 are deficient because they completely fail to Identify by name, address, and place of employment the individuals who were responsible for or had final policymaking authority with respect to drafting the policies requested in the prior RFPs and any efforts taken by those persons to investigate, analyze, or otherwise identify problems with those policies. Plaintiff requests that Defendants supplement their responses with documents that actually identify the individual persons involved and the steps they took to investigate the policies, as specifically described in the requests.

Defendant IDOC's response to RFP No. 19 is deficient because it fails to state whether it is withholding any documents on the basis of its improper boilerplate objections. Defendant IDOC references only Plaintiff's medical records but does not respond whether it possesses responsive documents related to all requests for bedding-related accommodations in the infirmary wing at Lawrence CC during the relevant time period. This request is relevant to Plaintiff's ADA claims against IDOC because it requests information related to IDOC's process for responding to such requests for accommodations. Plaintiff requests that Defendant IDOC supplement its response to provide all responsive documents.

Defendant IDOC's responses to RFP Nos. 20–22 are deficient because they fail to state whether they are withholding any documents on the basis of Defendant IDOC's improper boilerplate objections. These requests are relevant to Plaintiff's ADA claim against Defendant IDOC because they seek information about IDOC's procedures and practices related to obtaining



September 4, 2019
Page 9

and providing certain accommodations.  Plaintiff requests that Defendant IDOC supplement its responses to provide all responsive documents.

     Defendant IDOC's response to RFP No. 23 is deficient because it fails to state whether Defendant IDOC is withholding any documents on the basis of its improper boilerplate objections.  This request is plainly relevant to Defendants' anticipated defense that they provided adequate accommodations and treatment for Plaintiff's quadriplegia by providing an alternating air mattress.  Plaintiff requests that Defendant IDOC supplement its response to provide all responsive documents.

     Defendant IDOC's response to RFP No. 25 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 22 are deficient because they completely fail to respond to the requests.  Plaintiff seeks documents sufficient to show the Identity (i.e., names, etc.) of persons who are responsible for making decisions about providing accommodations to inmates at Lawrence during the specified time period.  Defendants simply refer Plaintiff to the medical records, which do not identify such persons.  Plaintiff requests that Defendants supplement these responses with documents that actually respond to the requests.

     Defendant IDOC's response to RFP No. 28 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 24 are deficient because they fails to state whether they are withholding responsive documents on the basis of their objections.  Plaintiff's requests for information about discipline and oversight of medical staff and healthcare employees is squarely relevant to his policy-and-custom claim against Defendant Wexford Health Sources, Inc.  Plaintiff requests that Defendants supplement these response with responsive documents.

     Defendant IDOC's response to RFP No. 30 and Defendants Cunningham, Brookhart, and Tredway's responses to RFP No. 26 are deficient because the administrative directives referenced in Bates Nos. 1291–1293, 1301–1304, and 1412–1427 do not say anything about the security procedures in the infirmary wing.  Plaintiff requests that Defendants supplement their responses to provide every other document that shows the security procedures in the infirmary wing or explain that the job posting is the only document responsive to these requests.

     Defendant IDOC's responses to RFP Nos. 27, 33, and 34, Defendant Cunningham and Brookhart's responses to RFP Nos. 29 and 30, and Defendant Tredway's responses to RFP Nos. 30 and 31 are deficient because they refer to objections about producing employment records and do not state whether they are withholding any documents on the basis of those objections.  To the extent that this information exists in documents other than employment records, Defendants objections are irrelevant.  And to the extent that the information exists in employment records, Plaintiff's request for documents related to the prior convictions is relevant because Plaintiff needs to know if Defendants intend to introduce information about any criminal convictions of any party or witness during trial; Plaintiff's request for documents related to prior complaints or lawsuits against any Defendant related to deliberate indifference or the Americans with Disabilities Act is relevant to show Defendants' state of mind in their dealings with Plaintiff; and Plaintiff's request for documents related to discipline regarding the call button is clearly relevant



September 4, 2019
Page 10

to his policy and custom claim against Defendant Wexford Health Sources, Inc. Plaintiff requests that Defendants supplement these responses with responsive documents.

      Defendant IDOC's response to RFP No. 36, Defendant Cunningham and Brookhart's responses to RFP No. 32, and Defendant Tredway's response to RFP No. 33 are deficient because, in response to Plaintiff's request for all physical evidence, Defendants simply refer him to documents. Plaintiff requests that Defendants supplement their responses to explain whether they possesses any physical evidence responsive to these requests and, if so, produce the evidence.

      Defendant IDOC's response to RFP No. 37, Defendant Cunningham and Brookhart's responses to RFP No. 33, and Defendant Tredway's response to RFP No. 34 are deficient because their responses do not explain which documents, if any, they intend to use as demonstratives at trial. Defendants have an ongoing duty to supplement their responses to these requests as they determine which documents they intend to use as demonstratives at trial. *Lewis v. Sch. Dist. No. 70*, No. CIV. 05-776-WDS, 2009 WL 691254, at *2 (S.D. Ill. Mar. 16, 2009) ("Federal Rule of Civil Procedure 26(e) dictates that a party who has made a required disclosure or responded to a discovery request with a disclosure has a duty to supplement or correct the disclosure if the disclosing party learns the response is materially incorrect or incomplete, or if information thereafter acquired has not been made known to the parties during the discovery process or in writing.")

      Defendant IDOC's response to RFP No. 38, Defendant Cunningham and Brookhart's responses to RFP No. 34, and Defendant Tredway's response to RFP No. 35 are deficient because they completely fail to explain whether they possess any documents that they might use at trial to show that punitive damages would cause a financial hardship for any defendant. It is unclear what employment records have to do with this request, but to the extent that any employment records contain responsive material, the requests are squarely relevant to the issue of punitive damages. Plaintiff requests that Defendants supplement their responses to state whether they possesses any materials responsive to these requests and, if so, produce those materials.

**Promises to Supplement**

      In response to several interrogatories and RFPs, the IDOC Defendants have stated that they have requested a search for responsive documents. (*See* IDOC's Resps. to RFP Nos. 3, 10, 24, 26; Cunningham's Resps. to Interrog. Nos. 3, 5 and RFPs Nos. 5, 9, 12, 21, 23; Brookhart's Resps. to Interrog. Nos. 3, 5 and RFP Nos. 5, 9, 12, 21, 23; Tredway's Resps. to Interrog. Nos. 3, 5 and RFP Nos. 5, 9, 12, 21, 23.) Plaintiff requests that Defendants supplement their interrogatory answers and document productions by September 11, 2019.

**Time Period of Documents**

      In response to Plaintiff's requests for various policies and procedures, Defendants produced numerous IDOC Administrative Directives. It appears that some of the Administrative Directives produced are not the version that was in effect during the Relevant Period, which is



September 4, 2019
Page 11

defined in the requests as January 1, 2014, through the present. Some of the requests went into effect over twenty years before Plaintiff arrived at Lawrence in July 2014. (*See, e.g.*, Bates No. 1294–96, Ill. Admin. Dir. 02.95.102 (effective Apr. 1, 1993).) Others did not go into effect until after Plaintiff left Lawrence in July 2016. (*See, e.g.*, Bates No. 1308–10, Ill. Admin. Dir. 02.95.110 (effective Oct. 1, 2016).)

Plaintiff requests that Defendants clarify whether each Administrative Directive produced was in effect during the Relevant Period from January 1, 2014, through the present, and, if so, whether Plaintiff has produced all versions of that directive that were in effect during the Relevant Period.

**Conclusion**

Plaintiff requests that the IDOC Defendants amend their responses to correct these deficiencies by September 11, 2019. If Defendants disagree with anything in this letter and do not intend to amend their responses as requested, we request that you contact us at your earliest convenience to schedule a meet and confer phone call to take place on or before September 11, 2019.

Sincerely,

Sarah H. Catalano