## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOSE HERNANDEZ, #M01795 | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-1335-NJR |
| ILLINOIS DEPARTMENT OF CORRECTONS, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Court Doc. 148)**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS, DEE DEE BROOKHART, ANNE ELIZABETH TREDWAY, and LORIE CUNNINGHAM, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and hereby respond to Plaintiff's Motion for Partial Summary Judgment (Court Doc. 148) and state as follows:

On November 30, 2020, Plaintiff, Jose Hernandez, filed a Motion for Partial Summary Judgment. (Court Doc. 148). Although the majority of Plaintiff's Motion for Partial Summary Judgment is directed towards Codefendant Coe, Plaintiff noted the undersigned Defendants were not entitled to their affirmative defense prohibiting injunctive relief. Defendants agree Plaintiff is no longer confined in the Illinois Department of Corrections and therefore is not entitled or eligible for injunctive relief and any claims related to injunctive relief are moot. However, because the remedy for claims involving the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") would be injunctive relief, Plaintiff's claims related to the ADA and RA should be dismissed.

The Seventh Circuit has held compensatory damages are only available in ADA or RA claims when Plaintiff shows deliberate indifference on behalf of a state actor. *Hildreth v. But*ler, 960 F. 3d 420 (7th Circ. 2020). As the Court stated in *Hildreth*, "to receive compensatory damages, Hildreth must show deliberate indifference, which occurs when defendants '*knew* that harm to a federally protected right was substantially likely and ... *failed* to act on that likelihood.'" 960 F. 3d at 431 citing *Lacy v. Cook Cty.*, 897 F.3d 847, 862 (7th Cir. 2018) (quoting *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 344 (11th Cir. 2012)). The Court held the Defendants made reasonable accommodations for Hildreth's disability, although they were not the accommodations Hildreth requested. *Id.* Additionally, Hildreth had been moved to a different area of the prison where he could have the accommodation he had originally requested, a typewriter. *Id.* The Court found "this rendered moot his claim for injunctive relief." *Id.* The Court further stated in the *Hildreth* case, "Hildreth can now seek only compensatory damages, provided he shows deliberate indifference. *See Lacy*, 897 F.3d at 862 (7th Cir. 2018) (agreeing with the majority of circuits that "deliberate indifference [is] the proper standard for obtaining compensatory damages under the ADA." *Id.* However, in *Hildreth*, Plaintiff never argued the IDOC defendants acted with deliberate indifference and therefore he was not entitled to any compensatory damages. *Id.*

This is a similar situation to the case before this Court. Plaintiff is no longer in the custody of IDOC, has been discharged from parole, and is living in another state. (Court Doc. 153 and 153-1). Therefore, it is unlikely Plaintiff will return to IDOC and therefore Defendants agree with Plaintiff that injunctive relief is not available to him. However, Defendants assert while Plaintiff's only potential remedy would be compensatory damages, he is unable to show any of the IDOC Defendants acted with deliberate indifference towards him as fully described in

Defendants' Memorandum in Support of their Motion for Summary Judgment and therefore he is not entitled to any relief whatsoever. (Court Doc. 153). Plaintiff is only entitled to compensatory damages if he can show "defendants '*knew* that harm to a federally protected right was substantially likely and ... *failed* to act on that likelihood.'" *Hildreth*, 960 F. 3d at 431 citing *Lacy v. Cook Cty.*, 897 F.3d 847, 862 (7th Cir. 2018) (quoting *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 344 (11th Cir. 2012)). There is no evidence any of the named Defendants knew Plaintiff's ADA rights were likely being violated or that they failed to act, despite that knowledge. For these reasons, Defendants Brookhart, Tredway, and Cunningham are entitled to summary judgment in their favor. Furthermore, the Illinois Department of Corrections is entitled to judgment as a matter of law on Plaintiff's ADA and RA claims, as there is no evidence that the Illinois Department of Corrections failed to provide Plaintiff with reasonable accommodations. (Court Doc. 152 and 153). Plaintiff received reasonable accommodations based on his medical needs as monitored and prescribed by the medical professionals providing him with treatment. (Court Doc. 153). Additionally, Plaintiff's mattress and whether nurses responded appropriately to his use of a call button/call light were not programs or services and therefore not covered by the ADA. (Court Doc 153).

## **CONCLUSION**

Summary Judgment should be granted in favor of Defendants Brookhart, Tredway, and Cunningham. There is no genuine issue of material fact present. Defendants had nothing to do with decisions regarding Plaintiff's medical care. These Defendants are entitled to judgment as a matter of law on Plaintiff's claims. In the alternative, they enjoy qualified immunity, as their actions were well within that allowed by the applicable case law. Additionally, the Illinois Department of Corrections is entitled to summary judgment because Plaintiff was provided with

appropriate accommodations for his alleged disability, as determined by the medical staff. (Court Doc. 153).

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Summary Judgment. (Court Doc. 152 and 153).

Respectfully submitted,

Illinois Department of Corrections, DeeDee Brookhart, Anne Elizabeth Tredway, and Lorie Cunningham,

    Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

    Attorney for Defendants,

Rachel Schwarzlose, #6283966
Assistant Attorney General
201 West Pointe Dr., Suite 7
Swansea, IL 62226
(618) 236-8781    BY:   s/ Rachel Schwarzlose
                                             Rachel Schwarzlose, #6283966
Of Counsel.                           Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOSE HERNANDEZ, #M01795 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-1335-NJR |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, the foregoing document, <u>Response to Plaintiff's Motion for Partial Summary Judgment (Court Doc. 148)</u>, was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Sarah Catalano     scatalano@eimerstahl.com
Scott Solberg     ssolberg@eimerstahl.com
Emily Sullivan     esullivan@simerstahl.com
Dennis Harms     dharms@sandbergphoenix.com
Kevin Peek     kpeek@sandbergphoenix.com

Respectfully Submitted,

  s/ Rachel Schwarzlose
Rachel Schwarzlose, #6283966
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
E-Mail: rschwarzlose@atg.state.il.us