IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *JOSE HERNANDEZ,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:17-cv-01335-NJR |
| *ILLINOIS DEPARTMENT OF* | ) | |
| *CORRECTIONS, ANNE ELIZABETH* | ) | |
| *TREDWAY, JOHN COE, WEXFORD* | ) | |
| *HEALTH SOURCES, INC., LORIE* | ) | |
| *CUNNINGHAM, DEE DEE BROOKHART,* | ) | |
| *and JON-MICHAEL ALLENDER,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS WEXFORD HEALTH SOURCES, INC., DR. JOHN COE, AND JON-MICHAEL ALLENDER'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Defendants, Wexford Health Sources, Inc., Dr. John Coe, and Jon-Michael Allender (hereafter collectively referred to as "Wexford Defendants"), by and through undersigned counsel, and for their Suggestions in Opposition to Plaintiff's Motion for Partial Summary Judgment, hereby state as follows:

### Introduction

Through his consolidated pleadings, Plaintiff brought the present action alleging constitutional violation claims against the Wexford Defendants. *See* Doc. 91. On November 30, 2020, Plaintiff filed his Motion for Partial Summary Judgment ("Plaintiff's Motion") and Memorandum in Support (Doc. 148) with respect to his allegations of constitutional violation claims against Defendant Coe related to medical care provided with respect to Plaintiff's fractured arm. Plaintiff's Motion also sought to challenge Defendants' affirmative defenses.

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment should be denied in its entirety.

### Response to Plaintiff's Statements of Fact

1.     When Jose Hernandez arrived at Lawrence Correctional Center on July 2, 2014, he was a partial quadriplegic. Ex. A (Bates Hernandez-LCC (MR) 00602); Ex. B (Dep. Tr. Of J. Hernandez, June 28, 2019, 107:24-108:2).

**Response:     Wexford Defendants dispute that Plaintiff arrived at Lawrence on July 2, 2014, as the records indicate he arrived on July 7, 2014. *See* 158-8, pg. 1.   However, the error in date does not create a dispute of a material fact.  Wexford Defendants admit that Plaintiff suffered paralysis from the chest down when he arrived at Lawrence. *See* Doc. 158, Wexford Defendant's Statement of Undisputed Material Fact, ¶ 17.**

2.     Mr. Hernandez is paralyzed from the chest down. *Id.* at 108:6-10.

**Response:     Wexford Defendants admit the above statement.**

3.     He has limited mobility in his arms, but is unable to grasp with his hands. *Id.* at 108:1-2.

**Response:     Wexford Defendants admit the above statement.**

4.     Upon arrival at Lawrence, he was admitted to the infirmary and stayed there for the entirety of his sentence. Ex. C (Dep. Tr. Of J. Coe, Dec. 16, 2019, 90:11-16).

**Response:     Wexford Defendants admit the above statement.**

5.     In the infirmary, Mr. Hernandez was wholly reliant on Wexford, the corporation that provides medical services at Lawrence, and its employees.

**Response:     Wexford Defendants deny this statement. Further, Plaintiff did not make any reference to the record as required by Fed. R. Civ. P. 56(e).**

6.      Dr. Coe was aware that Mr. Hernandez required "total care." *Id.* at 90:17-20; 91:19-92:5; Ex. D (Dep. Tr. Of J. Hernandez, June 27, 2019, 44:20-23).

**Response:**    **Wexford Defendants deny this statement. The referenced record does not determine with specificity the time frame, and further provides additional explanation as to the care Plaintiff required as indicated by Defendant Coe. *See* referenced testimony of Dr. Coe.**

7.      On the night of June 6, 2015, Mr. Hernandez was experiencing severe pain and need to be turned and repositioned by one of the Wexford staff members. *Id.* at 48:13-49:5; Ex. E (Grievance dated June 18, 2015, P00018-00019).

**Response:**    **Wexford Defendants admit that Plaintiff testified as to the statement above, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(e).**

8.      Mr. Hernandez, unable to do so himself, asked another patient to press the call button to alert the Wexford staff that he needed medical attention. Ex. D (Dep. Tr. Hernandez) at 48:22-49:1; Ex. E; Ex. F (Aff. Of K. Butusov).

**Response:**    **Wexford Defendants admit that Plaintiff testified as to the statement above, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(e).**

9.      No one responded. Ex. D. (Dep. Tr. Hernandez) at 49:7-14; Ex. E.

**Response:**    **Wexford Defendants admit that Plaintiff testified as to the statement above, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(e).**

10.    Because he was experiencing severe pain, Mr. Hernandez attempted to turn himself over by wedging his arm in the bedframe, fracturing his left forearm in the process. *Id.*

**Response:**    **Wexford Defendants admit that Plaintiff testified as to the statement above, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(e).**

11.    Dr. Coe examined Mr. Hernandez's arm on June 8, 2015 and ordered an x-ray. Ex. G (Bates Hernandez-LCC (MR) 01063).

**Response:**    **Wexford Defendants admit the above statement.**

12.    This x-ray, performed on June 10, 2015, confirmed that Mr. Hernandez's forearm was fractured. Ex. H (Hernandez-LCC (MR) 00115, One Radiology Report, June 10, 2015).

**Response:**    **Wexford Defendants admit the above statement.**

13.    Dr. Coe decided to splint Mr. Hernandez's arm for six weeks and send him for another x-ray in three weeks. Ex. C (Dep. Tr. Coe) at 166:16-18; Ex. I (Bates Hernandez-LCC (MR) 01066.

**Response:**    **Wexford Defendants admit the above statement.**

14.    Mr., Hernandez received a second x-ray on July 6, 2015. Ex. J (Hernandez-LCC (MR) 00116, One Radiology Report, July 8, 2015).

**Response:**    **Wexford Defendants admit the above statement.**

15.    While the fracture was "healing," the bone was still broken. *Id.*; Ex. C (Dep. Tr. Coe) at 187:9-17; Ex. K (Expert Report of Dr. P. Lamberti, Mar. 17, 2020, at 2); Ex. L (Dep. Tr. Of Dr. P. Lamberti, June 24, 2020, 105:19-21).

**Response:**    **Wexford Defendants admit the above statement.**

4

16.     As of July 16, 2015, Dr. Coe discontinued treatment for Mr. Hernandez's fracture. Ex. C. (Dep. Tr. Coe) at 190:5-22; Ex. M (Bates Hernandez-LCC (MR) 01112).

**Response:     Wexford Defendants deny this statement. Defendant Coe's testimony is referring to the discontinued use of the splint.  *See* Pl. Ex. C. (Dep. Tr. Coe) at 190:17-19. Defendant Coe further assessed Plaintiff's arm on August 4, 2015.  *See* Doc. 158, SOF, ¶ 75-78.**

17.     Dr. Coe did not request another x-ray or send Mr. Hernandez to a specialist. Ex. C (Dep. Tr. Coe) at 190:23-25; 199:22-24; 227:6-15; Ex. D (Dep. Tr. Hernandez) at 37:12-14.

**Response:     Wexford Defendants admit the above statement.**

18.     Instead, at a follow up visit on August 5, 2015, Dr. Coe felt Mr. Hernandez's arm and determined that it felt "solid." Ex. C (Dep. Tr. Coe) at 189-18:24.

**Response:     Wexford Defendants admit the above statement, with the addition that Defendant Coe utilized his medical training and judgment in performing a physical examination of Plaintiff and making his assessment of Plaintiff's condition. *See* Doc. 158, SOF, ¶ 80.**

19.     Mr. Hernandez continued to complain to Dr. Coe of pain in his left forearm for the next year. Ex. C (Dep. Tr. Coe) at 197:21-23; 198:18-20; 207:4-15; 225:22-24; Ex. D (Dep. Tr. Hernandez) at 34:19-22; 60:21-61:2; Ex. B (Dep. Tr. Hernandez) at 202:19-21; Ex. N (Bates Hernandez-LCC (MR) 01138); Ex. O (Bates Hernandez-LCC (MR) 01147); Ex. P (Bates Hernandez-LCC (MR 00425).

**Response:     Wexford Defendants deny the statement.  Wexford Defendants note that though he complained about his arm, he sought a trapeze from Defendant Coe. *See* Plaintiff's Ex. N.  Further, while the first two referenced records (Ex. N & O) are from**

5

August of 2015, Ex. P is from May of 2016 and does not indicate that he suffered pain for an entire year.

20.     Mr. Hernandez was released form Lawrence on July 25, 2016. He was still experiencing pain from the fracture. Ex. D (Dep. Tr. Hernandez) at 68:10-11.

**Response:**     **Wexford Defendants admit that Plaintiff was released from Lawrence on July 25, 2016, and admit that testified as to the statement above, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(e).**

21.     Once he was able, Mr. Hernandez went to the doctor for x-rays, which revealed that his arm was still broken. Ex. D (Dep. Tr. Hernandez) at 61:8-20.

**Response:**     **Wexford Defendants admit that Plaintiff made the above statement, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(e).**

22.     In order to treat the fracture, Mr. Hernandez had surgery on February 2, 2017. Ex. Q (Bates Hernandez-LCC (MR) P0063-0064).

**Response:**     **Wexford Defendants admit the above statement.**

23.     He received a bone graft, along with a metal plate and screws. *Id.*

**Response:**     **Wexford Defendants admit the above statement.**

24.     Mr. Hernandez still experiences pain in his left forearm today. Ex. D (Dep. Tr. Hernandez) at 60:13-15.

**Response:**     **Wexford Defendants admit that Plaintiff testified as to the above statement, but deny that Plaintiff's own testimony is sufficient to support a statement of fact as required by Fed. R. Civ. P. 56(c), and deny the inference that the referenced pain is**

6

connected to Defendant Coe or an alleged act of deliberate indifference. *See* **Doc. 158, SOF, ¶ 80.**

<u>Argument</u>

**I.      Defendant Coe was not deliberately indifferent to Plaintiff's fractured arm.**

Summary Judgment is proper if the pleadings, discovery documents, and affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party carries the burden of producing "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Carett,* 477 U.S. 317, 323 (1986).  After the moving party has successfully met their burden, the non-moving party must plead specific Statements of Fact to show there is a genuine issue. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250.

To succeed on his claim, Plaintiff must demonstrate that Defendant Coe acted with the "deliberate indifference;" a transformation of instances of malpractice into constitutional violations.  *Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference exists only where an official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*   A plaintiff must show two things: that he had a serious medical need and that a defendant was deliberately indifferent to it. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Contrary to Plaintiff's Motion, Defendant Coe did not deliberately disregard an excessive risk to Plaintiff's health or safety when treating Plaintiff's broken arm.  Further, there is a dispute as to whether or not Plaintiff experienced ongoing pain in his left forearm in the years following the fracture, which would preclude summary judgment for Plaintiff according to his legal theories and arguments.

Upon the finding of a possible fracture to Plaintiff's left forearm, Dr. Coe immediately provided treatment by ordering an x-ray, a forearm splint, and pain medication. *See* Doc. 158, SOF, ¶ 56 & 57.  Plaintiff's expert confirmed that this was appropriate.  *See* Doc. 158-5, pp. 87:15-23, 89:10-15.  He then provided follow-up care, including a second x-ray, to determine the healing status of the fracture.  *See* Doc. 158, SOF, ¶ 68 & 69.  Plaintiff's expert confirmed that this was appropriate. *See* Doc. 158-5, pp. 89:16-20. Plaintiff's expert supported Dr. Coe's reliance on the x-ray report. *See* Doc. 158-5, pp. 92:10-13.  Plaintiff's expert confirmed that both x-ray reports demonstrated a healing fracture.

Dr. Coe followed-up on August 4, 2015 and performed a physical examination of the fracture site by pressing on it with his fingers. *See* Doc. 158, SOF, ¶ 76, 77.  Dr. Coe noted the formation of callus at the fracture site, and the overall stability of the ulna.  *See* Doc. 158, SOF, ¶ 76, 77.  In his medical judgment, the prior x-rays showing a continually healing fracture, and the stability of the fracture when later physically examined, eliminated any need for further imaging. Plaintiff's expert opined that a third x-ray should have been performed either in lieu of or in addition to the physical examination.

In other words, Plaintiff's argument at trial is limited to a claim that Dr. Coe's performance of a physical examination, and not an x-ray, to evaluate the status of Plaintiff's ulnar fracture, was "so significant a departure from accepted professional standards or practices

that it calls into question whether the doctor actually was exercising his professional judgment." Plaintiff's own expert's testimony was that Dr. Coe was using his medical judgment is dispositive evidence that Plaintiff cannot make a *prima facie* case on this claim. Even without this expert testimony, the context of the two prior x-rays showing a continually healing fracture, and Dr. Coe's performance of a physical examination, show that Dr. Coe was not deliberately indifferent. Therefore, summary judgment in Plaintiff's favor on this issue should be denied.

Though issues of material facts were identified based on Plaintiff's interpretation and presentation of the Facts in Plaintiff's Motion, such disputes do not affect or nullify Wexford Defendants' Statements of Fact and efforts for summary judgment in their favor. *See* Doc. 158.

**II.     Plaintiff is not entitled to judgment as a matter of law on affirmative defenses.**

> *a.     Defendant Coe's Claim to Eleventh Amendment Sovereign Immunity.*

Defendant Coe concedes and withdraws his affirmative defense for Eleventh Amendment Sovereign Immunity.

> *b.     Wexford Defendants are entitled to relief under the Prison Litigation Reform Act.*

Wexford Defendants concede and withdraw their affirmative defense regarding the PLRA.

<u>**Conclusion**</u>

Plaintiff cannot demonstrate that there is a lack of dispute as to material facts related to Plaintiff's legal theory in support of partial summary judgment. Further, the remaining undisputed facts do not demonstrate any acts of deliberate indifference by Defendant Coe, especially with respect to the alleged deliberately indifferent medical care to Plaintiff's forearm injury. Therefore, Plaintiff's Motion should be denied in its entirety.

WHEREFORE, Wexford Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Partial Summary Judgment, and for all other relief that may be deemed just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ Kevin K. Peek
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendants Wexford Health Sources, Inc., Dr. John Coe and Jon-Michael Allender*

10

## **Certificate of Service**

       I hereby certify that on the 25th day of January 2021, the foregoing was served by operation of the Court's electronic filing system upon the following:

Scott C. Solberg
Sarah H. Catalano
Emily Sullivan
Eimer Stahl, LLP
ssolberg@eimerstahl.com
scatalano@eimerstahl.com
esullivan@eimerstahl.com
*Attorneys for Plaintiff*

Rachel Schwarzlose
Tara Barnett
Attorney General's Office
rschwarzlose@atg.state.il.us
tbarnett@atg.state.il.us
*Attorney for Defendants Illinois Department of Corrections,*
*Anne Elizabeth Tredway, Lorie Cunningham*
*and Dee Dee Brookhart*

                        */s/ Kevin K. Peek* _____